Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5795 | **DATE** | November 22, 2011 |
| **CASE TITLE** | *Camacho v. Advocate Health Care* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the court grants the defendant's motion to dismiss the disparate impact and retaliation claims, denies the motion to dismiss the breach of written contract claim [7-1], and grants Camacho's motion for leave to file an amended complaint as to Count I [15-1]. By allowing the plaintiff to file the amended complaint, the court is not opining on the legal sufficiency of the allegations. Camacho shall file her amended complaint no later than 5 days from the date of this order and the defendant shall answer or otherwise plead to the amended claims no later than 14 days from the date of filing of the amended complaint.

■[ For further details see text below.]

00:00

# STATEMENT

     Maria Camacho sued Advocate Health Care under Title VII for pregnancy discrimination and retaliation, among other things. The defendant has filed a motion to dismiss the disparate impact claim, the retaliation claim and the breach of written contract claim. In responding to the motion to dismiss, the plaintiff also sought leave to file an amended complaint as to all three counts. For the reasons stated below, the court grants the defendant's motion to dismiss the disparate impact and retaliation claims, denies the motion to dismiss the breach of written contract claim, and grants Camacho's motion for leave to file an amended complaint as to Count I. Camacho shall file her amended complaint no later than 5 days from the date of this order. The defendant shall answer or otherwise plead to the amended claims no later than 14 days from the date of filing of the amended complaint.

**Facts**

     The following well-pled facts are accepted as true for purposes of this motion to dismiss. Camacho was employed as a patient service representative at Advocate Medical Group in Logan Square between January 2005 and November 16, 2009. In May 2009, Camacho told her supervisor Gwendolyn Young, that she was pregnant and expected to work up until the date of the delivery in December 2009. On August 26, 2009, when Camacho was 5 ½ months pregnant, she requested an intermittent FMLA leave of absence. Camacho was initially told that she was eligible for and could take intermittent leave. However, her request for intermittent leave was ultimately denied and the defendant insisted that Camacho take a full-time leave of absence under the FMLA. This leave expired on November 16, 2009, when Camacho was eight months pregnant.

| STATEMENT |
|---|

The defendant sent Camacho a letter stating that after November 16, 2009, she had exhausted her job guarantee and that unless she immediately returned to work, she would be considered to have voluntarily resigned. Camacho called Young in early November 2009 to ask if she could return to her job. Young told her to stay home and take care of her babies. Camacho also called Donna Jackson, another supervisor, in November 2009 and asked to return to work, but Jackson told her the position had been filled. She was discharged on November 16, 2009. Camacho gave birth to twins on December 6, 2009.

Camacho's complaint contains a claim under Title VII, alleging pregnancy discrimination (both on a disparate treatment and disparate impact theory) and retaliation, a claim under the Family Medical Leave Act for interference and retaliation, a claim for breach of oral contract, a claim for breach of written contract and a claim for promissory estoppel.

**Standard on Motion to Dismiss**

A complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Seventh Circuit explained that this "[r]ule reflects a liberal notice pleading regime, which is intended to focus litigation on the merits of a claim rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (internal quotations omitted). However, a complaint must contain "enough facts to state a claim to relief that is plausible on its face" and also must state sufficient facts to raise a plaintiff's right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). In *Ashcroft v. Iqbal*, the Supreme Court stated that a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, ––––, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

The court is neither bound by the plaintiff's legal characterization of the facts, nor required to ignore facts set forth in the complaint that undermine the plaintiff's claims. *Scott v. O'Grady*, 975 F.2d 366, 368 (7th Cir. 1992). Nevertheless, "in examining the facts and matching them up with the stated legal claims, we give 'the plaintiff the benefit of imagination, so long as the hypotheses are consistent with the complaint.'" *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009).

**Analysis**

Advocate first argues that the complaint fails to plead a claim of disparate impact. "To survive a motion to dismiss [a disparate impact claim], a complaint must identify a specific employment practice, allege its causation of the disparate impact, and give Defendants fair notice of the claim." *McQueen v. City of Chicago*, --- F. Supp.2d ----, 2011 WL 1113192, at * (N.D. Ill. Mar. 23, 2011). Camacho's complaint does none of these. Camacho alleges that "Defendant maintained practices and policies which discriminated against and had a disparate impact against Plaintiff and other female employees in violation of Title VII because of their sex and pregnancy." Complaint at ¶31. No facts are provided in support of the claim and the court concludes that the complaint fails to give the defendant fair notice of the claim against it. Accordingly, the motion to dismiss the disparate impact claim is granted, and Camacho is granted leave to file an amended complaint as this aspect of Count I.

With respect to the Title VII retaliation claim, Camacho alleges that she was treated differently than her non-pregnant and non-female colleagues because of her pregnancy and sex, that she complained about and opposed the discriminatory practice, that the defendant was aware of her complaints and that it retaliated

against her because she opposed the unlawful employment practice. *See* Complaint at ¶¶ 28-29. While Camacho need not plead much, she must plead sufficient facts to push the claim to the level of plausibility. According to the complaint, Camacho's position was given to someone else while she was on FMLA leave and she was terminated. Camacho fails to allege any facts in support of her assertion that she complained about a discriminatory practice or that she was retaliated against as a result. The motion to dismiss the Title VII retaliation claim is granted, and Camacho is granted leave to file an amended complaint as to this aspect of Count I.

Finally, with respect to the breach of written contract claim, the defendant argues also that Camacho has failed to state a claim. Camacho's breach of written contract claim is premised on the defendant's written leave of absence policy and an e-mail sent to Camacho by her manager. The leave of absence policy states as follows:

> **Use of Leave:**
>
> > Associates may take FMLA leave on consecutive days, or under certain circumstances, use the leave intermittently or to reduce the workweek or work day, resulting in a reduced hour schedule. Except for leave to care for a service member with a serious injury or illness, the leave may not exceed a total of 12 workweeks over a 12-month period. Advocate may temporarily transfer an associate to an alternative position with equivalent pay and benefits if such a position would better accommodate the intermittent or reduced schedule. In addition, associates must make reasonable efforts to schedule for planned medical treatment as not to unduly disrupt operations.

The August 26, 2009, e-mail states "you need to contact HR Direct (Ext. 231447) to apply for disability/FMLA so that we can continue to accommodate your physician's request/work restrictions." According to Camacho, the policy's text and the e-mail constitute "an enforceable promise to accommodate [Camacho] and her physician's requests," Complaint at ¶68, and that she "provided services and consideration to Defendant in return for Defendant's agreement to fulfill the promises stated in The Policy and The Email." *Id*. at ¶75.

The defendant asserts that the promise allegedly made by it is neither definite nor certain and that the defendant did not breach a duty imposed by the alleged contract. The elements of a breach of contract claim under Illinois law are: (1) the existence of a valid and enforceable contract; (2) plaintiff's substantial performance; (3) defendant's breach; and (4) damages. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010); *Carlton at the Lake, Inc. v. Barber*, 928 N.E.2d 1266, 1270 (Ill. 2010). As another court has noted:

> A plaintiff need not plead all the specific details underlying an alleged breach of contract to state a claim. *See, e.g., Deliver Med Holdings, LLC v. Schaltenbrand*, No. 10–CV–684, 2011 WL 2134343, at *8 (S.D. Ill. May 27, 2011) ("Despite its lack of specifics about the terms of the alleged promises made by the Medicate Parties, Count VI adequately pleads a breach of contract claim .... The complaint describes each theory with enough detail to alert the Medicate Parties to what the claims are and the grounds on which they rest.... Plausibility simply means that there are 'enough facts to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's claims.") (*quoting Twombly*, 550 U.S. at 556); *Pa. Chiropractic Ass'n v. Blue Cross Blue Shield Ass'n*, No. 09–CV–5619, 2011 WL 1626546, at

| STATEMENT |
|---|
| *2 (N.D. Ill. Apr. 28, 2011) ("Under ordinary circumstances, the Court likely would not require a party making a breach of contract claim to identify the contractual terms on which it relies; alleging the nature of the breach would be enough."). <br><br> *Axiom Ins. Managers Agency, LLC v. Indemnity Ins. Corp.*, 2011 WL 3876947, at *12 (N.D. Ill. Sep. 1, 2011). Camacho's allegations that the policy and the e-mail constituted a contract satisfy Rule 8. The specifics of the alleged contractual terms and whether the defendant breached a duty imposed by the contract will be ascertained during discovery and at the dispositive motion or trial stage. Accordingly, the motion to dismiss the breach of contract claim is denied. |
| |